IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| ELSA HUERTAS, | * |
| Appellant, | * Case No.: GJH-16-3331 |
| v. | * |
| BANK OF AMERICA, *et al.*, | * |
| Appellees. | * |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Appellant Elsa Huertas, proceeding *pro se*, has filed an appeal of the U.S. Bankruptcy Court's September 19, 2016 order dismissing her case and terminating the automatic stay imposed pursuant to 11 U.S.C. § 362(a). *See* ECF No. 1; ECF No. 1-1. For the reasons that follow, Appellant's Appeal is dismissed.

### I. DISCUSSION

Bankruptcy Rule 8018 requires Appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." *See* Fed. R. Bankr. P. 8018(a)(1). The Designation of Record was docketed on November 1, 2016, ECF No. 5, and on November 2, 2016, Appellant was sent a letter notifying her that she had 30 days to file her brief. ECF No. 6. On November 22, 2016, prior to the filing deadline, Appellant moved for a 45-day extension, ECF No. 8, which this Court granted on December 6, 2016. ECF No. 9. On January 23, 2017, three days after the new deadline expired, Appellant filed an "Emergency Motion for an Extension of Time to File Appellant's Brief," stating that Appellant

1

was "currently being treated for severe medical conditions." ECF No. 10 at 1.[1] On March 10, 2017, the Court issued a paperless order granting Appellant's Emergency Motion for a 45-day extension, but warned that "[n]o further extensions [would] be granted." ECF No. 13.

Appellant's final extension expired on April 24, 2017. Subsequently on April 26, 2017, Appellee Nancy Spencer Grigsby, the Chapter 13 Trustee, moved to dismiss the appeal. ECF No. 14. The next day, April 27, 2017, Appellant was sent a letter notifying her that a Motion to Dismiss had been filed in her case and that failure to respond could result in dismissal of the case. ECF No. 15.[2] On May 11, 2017, the two remaining Appellees, Bank of America and Nationstar Mortgage, LLC, moved to dismiss the appeal on the same grounds as Appellee Grigsby. ECF No. 17. Appellant was similarly sent a letter notifying her of the second motion to dismiss and that failure to respond could result in dismissal of her case. ECF No. 18. To date, the Court has not received a response to either of Appellees' Motions and Appellant's time to respond has expired.

Local Rule 404.3 permits the Court to dismiss an appeal for non-compliance with Bankruptcy Rule 8018 "after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." *See* Loc. R. 404.3 (D. Md. 2016). Also, Fed. R. Bankr. P. 8003(2) (formerly cited as Rule 8001(a)) provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court…to act as it considers appropriate, including dismissing the appeal." In determining whether to dismiss a bankruptcy appeal for a 8003(2) violation, a district court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Because Appellant is pro-se, this letter, and all prior orders in this case, were mailed to her address of record.

delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; [and] (4) indicate that it considered the impact of the sanction and available alternatives." *In re Harris*, 129 F.3d 1259, *2 (4th Cir. 1997) (unpublished) (citing *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992); *see also In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (noting all factors should be considered and the second factor alone is insufficient to dismiss an appeal).

Appellant's failure to serve and file a brief within the time required by the Federal Rules of Bankruptcy Procedure is negligent. The Designation of Record was docketed on November 1, 2016, ECF No. 5, and Appellant was mailed a letter the next day, notifying her that she had 30 days to file her brief. ECF No. 6. The Court subsequently granted Appellant two extensions, providing her with ample time to comply. ECF Nos. 9 & 13. In granting Appellant's second 45-day extension in March, the Court explicitly stated that "[n]o further extensions [would] be granted." ECF No. 13. Finally, Appellant was given an opportunity to respond to Appellees' Motions to Dismiss Appeal and was warned that a failure to respond could result in the dismissal of her appeal. ECF Nos. 15 & 18.

Further, Appellant's failure to comply with Bankruptcy Rule 8018, "burdens the Court's docket, unnecessarily delays resolution of the controversies in this case, and is prejudicial to the prompt administration of justice." *McDaniel v. Fed. Nat. Mortg. Ass'n*, No. RWT 14-CV-0626, 2015 WL 1522942, at *3 (D. Md. Mar. 31, 2015) (discussing failure to follow procedural rules in a bankruptcy appeal). Appellant's delay also prejudices her creditors by depriving them of the opportunity to take advantage of the Bankruptcy Court's decision to lift the automatic stay. ECF No. 1-1.

Although the Court recognizes that dismissal of a bankruptcy appeal for a procedural error is a harsh remedy that should not be imposed lightly, *see In re Serra Builders*, 970 F.2d at 1311, anything less would be futile given that Appellant has failed to pursue this appeal in a timely manner. *See Tekmen v. John E. Harms, Jr. & Assocs., Inc.*, 2011 WL 5061874, at *5 (D. Md. Oct. 25, 2011) ("... this Court finds that dismissal is nonetheless appropriate where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation for their neglect.").

## II.   CONCLUSION

Accordingly, Appellant's Appeal, ECF No. 1, is hereby dismissed. A separate Order follows.

Dated: May 31, 2017

GEORGE J. HAZEL
United States District Judge

4